UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,                    Case No. 20-CR-0156(3) (PJS/DTS)

            Plaintiff,

v.                                                                       ORDER

JARRETT DAVID DAINTY,

            Defendant.

Thomas M. Hollenhorst, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Kurt B. Glaser, SMITH & GLASER, LLC, for defendant.

The parties to this criminal case dispute whether defendant Jarrett David Dainty is eligible for safety-valve relief under 18 U.S.C. § 3553(f)(1), as amended by the First Step Act of 2018.  For the reasons that follow, the Court finds that he is not.

*A.  Background*

Dainty pleaded guilty to conspiracy to distribute methamphetamine.  ECF No. 169.  In advance of the sentencing hearing, a presentence report ("PSR") was prepared, and it calculated that Dainty has a total of 8 criminal-history points:  3 points for a drug-possession conviction, 1 point for a theft conviction, 1 point for a conviction for violating a no-contact order, 1 point for another drug-possession conviction, and 2 points because Dainty was on supervised release at the time that he committed the

present offense.  PSR ¶¶ 57–58, 62–63, 67–68.  In light of Dainty's criminal history, the

PSR concluded that he was not eligible for safety-valve relief.  *Id.* ¶ 34.  Dainty objects to

this conclusion.

*B.  Analysis*

The safety valve—codified at 18 U.S.C. § 3553(f)—provides that a court may

sentence a defendant "without regard to any statutory minimum sentence" if the court

finds that five conditions are met.  The first of those conditions (§ 3553(f)(1)) was

amended in 2018 by the First Step Act and now provides as follows:

> (1)    the defendant does not have—
>
>   (A)    more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
>
>   (B)    a prior 3-point offense, as determined under the sentencing guidelines; and
>
>   (C)    a prior 2-point violent offense, as determined under the sentencing guidelines[.]

The parties disagree about the meaning of § 3553(f)(1).

Relying on the recent decision of the Ninth Circuit in *United States v. Lopez*,

No. 19-50305, 2021 WL 2024540 (9th Cir. May 21, 2021), Dainty reads § 3553(f)(1)

conjunctively.  In other words, Dainty argues that the condition set forth in § 3553(f)(1) is met unless the defendant has more than 4 criminal-history points, *and* a prior 3-point offense, *and* a prior 2-point violent offense.  *Id.* at *5.  All three of these things are not true about Dainty—he does not have a prior 2-point violent offense—and thus, Dainty says, he is eligible for safety-valve relief, notwithstanding his long criminal record.

Relying on the recent decision of the Eleventh Circuit in *United States v. Garcon*, No. 19-14650, 2021 WL 1972237 (11th Cir. May 18, 2021), the government disagrees. *Garcon* interprets § 3553(f)(1) disjunctively, holding that a defendant is disqualified from safety-valve relief if the defendant has more than 4 criminal-history points, *or* a prior 3-point offense, *or* a prior 2-point violent offense.  *Id.* at *3.  Dainty has more than 4 criminal-history points and a 3-point offense and thus, the government says, he is not eligible for safety-valve relief.

Having read both the Ninth Circuit's decision in *Lopez* and the Eleventh Circuit's decision in *Garcon*—as well as the district-court decisions addressing this issue—the Court disagrees with the Ninth Circuit's reasoning (save for the point about surplusage made in Judge Smith's concurrence) and agrees with the Eleventh Circuit's.  The Court will not rehash the Eleventh Circuit's textual analysis, but instead will emphasize a couple of the more troubling aspects of the Ninth Circuit's interpretation of § 3553(f)(1):

First, the Ninth Circuit's interpretation violates the canon against surplusage, as *Garcon* and Judge Smith's concurrence in *Lopez* explain. *See Lopez*, 2021 WL 2024540, at *11–12; *Garcon*, 2021 WL 1972237, at *3. Section 3553(f)(1)(A) requires the defendant to have more than 4 criminal-history points, § 3553(f)(1)(B) requires a 3-point offense, and § 3553(f)(1)(C) requires a 2-point violent offense. On the Ninth Circuit's reading of the statue, subsection (A) has no purpose. If both (B) and (C) are true about a defendant, then (A) is *necessarily* true, rendering (A) superfluous. By contrast, the Eleventh Circuit's interpretation of § 3553(f)(1) gives effect to each of its parts. *See Garcon*, 2021 WL 1972237, at *3.

Second, the Ninth Circuit's interpretation leads to absurd results. If the Ninth Circuit's interpretation of the amended statute is correct, Congress abolished the mandatory minimum for almost all of those convicted of serious drug offenses, save for a small and weirdly defined subset of offenders—specifically, those offenders who happen to have more than 4 criminal-history points, at least one 3-point offense, and at least one 2-point violent offense. So, for example, a prolific drug dealer who had ten prior 3-point drug offenses—and thus a total of 30 criminal-history points—would be eligible for safety-valve relief from a mandatory minimum *that Congress created for the purpose of deterring and punishing serious drug offenses*. But a defendant who had a total of 5 criminal-history points on account of a 3-point burglary offense and a 2-point assault

offense would *not* be eligible for safety-valve relief.  That makes no sense.  *See United States v. Howell*, No. 20-cr-30075-1, 2021 WL 2000245, at \*4 (C.D. Ill. May 19, 2021) (discussing absurdity of conjunctive interpretation); *United States v. Ingram*, No. 18-20047, 2021 WL 1813178, at \*4 (C.D. Ill. May 6, 2021) (same); *United States v. Adame*, No. 1:18-CR-00391-BLW, 2019 WL 5191823, at \*7 (D. Idaho Oct. 15, 2019) (same).

The Ninth Circuit responded to this absurdity argument by asserting (among other things) that the Eleventh Circuit's interpretation of § 3553(f)(1) would (also) be absurd because under that interpretation the defendant in *Lopez* "would lose the possibility of safety-valve relief only because he spray-painted a sign onto a building almost fourteen years ago."  *Lopez*, 2021 WL 2024540, at \*7.  The Ninth Circuit was referring to the fact that Lopez had a prior conviction for vandalism that had correctly been assigned 3 points under the Sentencing Guidelines.  The Ninth Circuit was not explicit about why that vandalism conviction had been assigned 3 points:  Although Lopez initially was sentenced to 91 days in prison to be followed by 36 months' probation, his probation was revoked and he was sentenced to serve 16 months in prison after he committed grand theft shortly after serving his 91-day sentence.  *United States v. Lopez*, No. 19-CR-0261-L, 2019 WL 3974124, at \*2 (S.D. Cal. Aug. 21, 2019).

The notion that the Eleventh Circuit's interpretation of the amendment to § 3553(f)(1) is "absurd" because a particular defendant—Eric Lopez—would not get

safety-valve relief is itself absurd.  To begin with, Lopez's conviction would have disqualified him from safety-valve relief under the *prior* version of the statute, and yet neither the Ninth Circuit nor any other court ever suggested that the prior version of the statute was absurd.  Lopez's conviction would also disqualify him from safety-valve treatment under the *current* (and longstanding) provisions of the Sentencing Guidelines, *see* U.S.S.G. § 5C1.2(a)—and, again, neither the Ninth Circuit nor any other court has ever suggested that those provisions are absurd.  Under the Eleventh Circuit's interpretation of the amended statute, every single person who was eligible for safety-valve relief under the prior version of the statute remains eligible for safety-valve relief, and safety-valve relief extends to many defendants who were not previously eligible. The fact that Eric Lopez is not among those defendants—i.e., the fact that he *continues* to be ineligible for safety-valve relief—hardly renders the Eleventh Circuit's interpretation absurd.

The Ninth Circuit understandably felt sympathy for Lopez.  But line-drawing is a necessary part of legislation, and it is almost impossible to draw lines without creating questionable results in close cases.  Someone who has been arrested for underage drinking on the day before her 21st birthday would likely view her arrest as unfair or harsh, but that does not mean that a law imposing a 21-year-old drinking age is absurd.

Here, Congress decided that a defendant should be disqualified from safety-valve relief if the defendant has a serious criminal record or has committed a serious crime. On its face, there is nothing absurd about that decision. Having made that decision, Congress needed to find a way to measure the seriousness of criminal records and individual crimes. Congress decided to use criminal-history points, treating a defendant who has more than 4 criminal-history points as a defendant with a serious criminal record, and treating a defendant who has committed a 3-point crime or a 2-point violent crime as having committed a serious crime. Again, there is nothing absurd about that decision.

Eric Lopez vandalized a building, and then, a short time after he finished serving his 91-day sentence, he committed grand theft and was returned to prison for 16 months. As a result, his vandalism conviction was assigned 3 criminal-history points, and that disqualified him from safety-valve relief. This may indeed be a harsh result, as the members of the *Lopez* panel believed. If so, however, the issue should be addressed by amending the Sentencing Guidelines, not by interpreting § 3553(f)(1) in a manner that creates truly absurd results in countless other cases.

One final point: If the Ninth Circuit's interpretation of § 3553(f)(1) is correct, then the First Step Act came close to abolishing mandatory minimum sentences in serious drug cases by making the overwhelming majority of defendants eligible for safety-valve

relief.  It is inconceivable that, if Congress had truly intended such a monumental change in the law, the legislative history of the First Step Act would not contain a single clear reference to the meaning of the statute, much less a single clear reference to the fact that Congress had decided to do away with most use of mandatory minimums in drug cases.  *See Lopez*, 2021 WL 2024540, at *9–10 (noting the legislative history is "thin" and does not "tip the scales either way").

For these reasons, the Court agrees with the Eleventh Circuit that a defendant is disqualified from safety-valve relief under § 3553(f)(1) if the defendant has more than 4 criminal-history points, *or* a prior 3-point offense, *or* a prior 2-point violent offense. The Court also notes that every other district court to consider the question to date has agreed with the result reached by the Eleventh Circuit.  *See Howell*, 2021 WL 2000245, at *4–5; *Ingram*, 2021 WL 1813178, at *4; *Adame*, 2019 WL 5191823, at *8.  Because Dainty has more than 4 criminal-history points and a prior 3-point offense, he is not eligible for safety-valve relief.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT defendant's objection is OVERRULED.

Dated: June 11, 2021                          s/Patrick J. Schiltz
                                              Patrick J. Schiltz
                                              United States District Judge